# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-00291-19-CR-W-GAF |
| | ) |
| VICTOR VICKERS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**A. Order for Detention:**

On March 6, 2014, the Court conducted a detention hearing and took the issue of detention under advisement. Following the detention hearing, and before the Court's ruling, counsel for defendant filed a motion for a supplemental detention hearing, doc. # 256. The government filed suggestions in opposition to this motion, but suggested that defense counsel had agreed that in lieu of a further hearing the parties submit the 911 call and a copy of a video-taped interview and transcript of the witness interview. (See doc. # 276) The Court has received this information and reviewed both the 911 calls and the interview transcript in addition to the information presented at the initial detention hearing. Accordingly, the defendant's motion for a supplemental hearing, doc. # 256, is denied as moot. On the basis of all of the information before the Court, pursuant to **18 U.S.C. § 3142(f) of the Bail Reform Act,** the Court orders the above-named defendant detained pursuant to **18 U.S.C. § 3142(e) and (i).**

**B. Statement of Reasons for the Detention**

The Court orders the defendant's detention because it finds:

      By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

**X**     By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**C. Findings of Fact**

The Court's findings are based on the evidence which was presented in Court, that which was contained in the Pretrial Services Report, and that which was presented to the Court in lieu of a supplemental hearing, and includes the following information:

*Vickers, Victor*

| | | | |
|---|---|---|---|
| **X** | (1) Nature and circumstances of the offense charged: | | |
| | **X** | (a) | The crime: *Count 1: Conspiracy to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine; and Forfeiture.* |
| | | (b) | The offense is a crime of violence. |
| | | (c) | The offense involves a narcotic drug. |
| | **X** | (d) | The offense involves a large amount of controlled substances. |
| | (2) | | The weight of the evidence against the defendant is high. |
| **X** | (3) | | The history and characteristics of the defendant including: |
| | **X** | (a) | General Factors: |
| | | | The defendant appears to have a mental condition which may affect whether the defendant will appear. |
| | | | The defendant has no family ties in the area. |
| | | | The defendant has no steady employment. |
| | | **X** | The defendant has no substantial financial resources. |
| | | | The defendant is not a long-time resident of the community. |
| | | **X** | The defendant does not have any significant community ties. |
| | | **X** | Past conduct of the defendant: *See Pretrial Services Report.* |
| | | | The defendant has a history of drug abuse. |
| | | | The defendant has a history of alcohol abuse. |
| | | **X** | The defendant has a significant prior criminal record. |
| | | | The defendant has a prior record of failure to appear in court proceedings. |
| | **X** | (b) | Whether the defendant was on probation, parole, or release by a court: |
| | | | At the time of the current arrest, the defendant was on: |
| | | | Probation |
| | | | Parole |
| | | **X** | Release pending trial, sentence, appeal or completion of sentence. |
| | | (c) | Other Factors: |
| | | | The defendant is an illegal alien and is subject to deportation. |
| | | | The defendant is a legal alien and will be subject to deportation. |
| | | | Other: |
| **X** | (4) | | The nature and seriousness of the danger by the defendant's release are as follows: *The defendant has two felony convictions. His criminal history* |

*Vickers, Victor*

> *reveals several drug, weapon and violence related arrests/convictions. The defendant has a pending murder charge in Jackson County, Missouri. At least one eyewitness has placed him at the scene of the murder with a weapon. He has a history of poor adjustment to community supervision, including new law violations. On 9/26/12, the defendant was indicted in the WD/MO in a multi-count, mullet-defendant indictment with conspiracy to distribute cocaine/cocaine base. The charges were dismissed in lieu of a new WD/MO indictment for conspiracy to distribute marijuana that was returned on 11/13/13. Those charges were dismissed on 3/4/13 in lieu of the instant offense indictment.*

   **X**   (5)   Rebuttable Presumptions

In determining that the defendant should be detained, the Court also relied on the following rebuttable presumptions(s) contained in **18 U.S.C. § 3142(e)** which the Court finds the defendant has not rebutted:

    a.   That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community because the Court finds that the crime involves:

       (A)   A crime of violence; or
       (B)   An offense for which the maximum penalty is life imprisonment or death; or
       (C)   A controlled substance violation which has a maximum penalty of 10 years or more or;
       (D)   A felony after the defendant had been convicted of two or more prior offenses described in (A) through (C) above <u>and</u> the defendant has a prior conviction for one of the crimes mentioned in (A) through (C) above which is less than five years old and which was committed while the defendant was on pretrial release;

and the Court finds that
**18 U.S.C. § 3142(e)(1)**, or
**18 U.S.C. § 3142(e)(2)**, or
**18 U.S.C. § 3142(e)(3)** applies.

   **X**   b.   That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because the Court finds that there is probable cause to believe:

      **X**   (A)   That the defendant has committed a controlled substance violation which has a maximum penalty of 10 years or more.

3

*Vickers, Victor*

                                        (B)      That the defendant has committed an offense under **18 U.S.C. § 924(c) or § 956(a)**.

The Court, in finding that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance and the safety of any other person and the community, has considered and rejected alternatives. Among the alternatives considered, the Court has rejected house arrest and a daily reporting scheme. In rejecting these alternatives, the Court notes the gravity of the offense and the substantial penalties which may possibly be imposed.

**D.**      **Additional Directives**

Pursuant to **18 U.S.C. § 3142(i)(2)-(4)**, the Court directs that:

      The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      The defendant be afforded reasonable opportunity for private consultation with his counsel; and

      That, upon an order of a court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to the United States Marshal for the purpose of an appearance in connection with court proceedings.

      **IT IS SO ORDERED.**

                                                                                  /s/ *Sarah W. Hays*
                                                                                  SARAH W. HAYS
                                                              UNITED STATES MAGISTRATE JUDGE