IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-00291-19-CR-W-GAF |
| | ) | |
| VICTOR VICKERS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is currently before the Court on defendant Victor Vickers' Motion to Sever Defendants (doc #272). For the reasons set forth below, this motion is denied.

I. INTRODUCTION

On February 25, 2014, the Grand Jury returned a ten-count Second Superseding Indictment against defendants Andre Taylor, Harlan Taylor, Raymond Taylor, Darryl Taylor, Carl Taylor, Robert Taylor, Daniel Howard, Marlon M. Minton, Tyrone Rock, Allen Sanchez, Rick Schoen, Ruben Machiche, Gregory Johnson, Bryant Willis, Kenneth Vaughn Cooper, Eric Union, William E. Brown, Rahmon Allen, Victor Vickers and Charles E. Williams. Defendant Vickers is charged in only Count One. Count One of the Second Superseding Indictment provides:

> That between February 1, 2010, and the date of this Second Superseding Indictment, said dates being approximate, in the Western District of Missouri and elsewhere, **ANDRE TAYLOR, HARLAN TAYLOR, RAYMOND TAYLOR, DARRYL TAYLOR, CARL TAYLOR, ROBERT TAYLOR, DANIEL HOWARD, MARLON MINTON, TYRONE ROCK, ALLEN L. SANCHEZ, RICK SCHOEN, RUBEN MACHICHE, GREGORY JOHNSON, BRYANT WILLIS, WILLIAM E. BROWN, RAHMON D. ALLEN, VICTOR VICKERS,** and **CHARLES E. WILLIAMS,** defendants herein, did knowingly

and intentionally combine, conspire, confederate, and agree with each other and others, both known and unknown to the Grand Jury, to distribute: (1) a thousand (1,000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance; and (2) cocaine, a Schedule II controlled substance, in an amount of five (5) kilograms or more, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846.

(Doc #244 at 3-4)(defendants' aliases omitted) The remaining counts of the Second Superseding Indictment charge various defendants with distribution of powder cocaine, aiding and abetting the distribution of powder cocaine, conspiracy to commit murder for hire, possession of a machinegun in furtherance of a crime of violence, and possession of ammunition by an unlawful user of a controlled substance.

## II. DISCUSSION

### A. Defendant Vickers Is Properly Joined In This Action

Rule 8(b), Federal Rules of Criminal Procedure, establishes the requirements for joinder of defendants. Defendants are permitted to be joined where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. See Zafiro v. United States, 506 U.S. 534, 537 (1993). This is increasingly so when it is charged that defendants have engaged in a conspiracy. See United States v. Pou, 953 F.2d 363, 368 (8th Cir.), cert. denied, 504 U.S. 926 (1992).

The question of whether joinder is proper is to be determined from the face of the indictment, accepting as true the factual allegations in the indictment. See United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984)(overruled on other grounds), cert. denied, 471 U.S. 1115 (1985). See also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993)("the indictment on its face revealed a proper basis for joinder"); United States v.

Jones, 880 F.2d 55, 62 (8th Cir. 1989)("the superseding indictment reveals on its face a proper basis for joinder").

Accepting as true the factual allegations in the Second Superseding Indictment, it is clear that the charge in Count One (that between February 1, 2010, and February 25, 2014, defendant Vickers, along with co-defendants Andre Taylor, Harlan Taylor, Raymond Taylor, Darryl Taylor, Carl Taylor, Robert Taylor, Daniel Howard, Marlon M. Minton, Tyrone Rock, Allen Sanchez, Rick Schoen, Ruben Machiche, Gregory Johnson, Bryant Willis, William E. Brown, Rahmon Allen and Charles E. Williams and others, conspired to distribute marijuana and cocaine) satisfies the requirement that defendants are alleged to have participated in the same act or in the same series of acts constituting an offense. There is no misjoinder in this case.

B.  Defendant Vickers Is Not Prejudiced By The Joinder

"When defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." United States v. Casteel, 663 F.3d 1013, 1018 (8th Cir. 2011)(quoting United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)). However, Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant. The decision to sever lies in the trial court's discretion. See United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

Defendant Vickers argues that he would be prejudiced by a joint trial (1) because there is no evidence that he is involved in a conspiracy to distribute powder cocaine as alleged in Count One; (2) because there is no evidence that he is involved in the distribution of powder cocaine as alleged against other defendants in Counts Two, Three, Four and Seven; (3) because there is no evidence that he is involved in aiding and abetting the distribution of powder cocaine as alleged

3

against other defendants in Counts Five and Six; (4) because there is no evidence that he is involved in any conspiracy to commit murder for hire as alleged against other defendants in Count Eight; (5) because there is no evidence that he was in possession of a machinegun in furtherance of a crime of violence as alleged against other defendants in Count Nine; and (6) because there is no evidence that he was an unlawful user of a controlled substance in possession of ammunition as alleged against another defendant in Count Ten. (Motion to Sever Defendants (doc #272) at 2-3) In addition, defendant argues:

> Defendant Victor Vickers submits that he will be prejudiced … because of the "spill-over" effect from evidence to be admitted against his co-defendants. Victor Vickers submits that evidence relating to a Conspiracy to distribute powder cocaine in Count One, Distribution of powder cocaine in Counts Two, Three, Four and Seven, Aiding and Abetting distribution of powder cocaine in Counts Five and Six will prejudice defendant Victor Vickers in the minds of his jurors. Additionally, Conspiracy to commit Murder for Hire in Count Eight, Possessing machinegun in furtherance of a crime of violence in Count Nine and being a Felon in possession of a firearm in Count Ten will be unduly prejudicial and inflammatory relating to Victor Vickers in the minds of his jurors.

(Id. at 3-4)

A defendant is not entitled to severance simply because the evidence against a co-defendant is more weighty than the evidence against him or because evidence admissible against a co-defendant may make his case more difficult to defend. In United States v. Willis, 940 F.2d 1136 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993), the court found:

> There can be little doubt that the joint trial made it more difficult for Willis [a minor participant charged in only two of thirty-two counts] to defend himself. The evidence clearly revealed that Duke was a major drug dealer with a "far-flung" operation. But difficulty alone is not a reason to reject joinder. A showing of clear prejudice must be made.

Id. at 1139. See also United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992); United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

Prejudice may occur if the jury is unable to compartmentalize the evidence against each defendant. See Willis, 940 F.2d at 1138. However, this potential problem can normally be resolved through applicable jury instructions. See Pecina, 956 F.2d at 188 ("Disparity in the weight of the evidence as between ... parties does not entitle one to severance ... In addition, the district court gave precautionary instructions advising the jury of the proper use of evidence as related to each defendant and each charge"); United States v. McConnell, 903 F.2d 566, 571 (8th Cir. 1990), cert. denied, 498 U.S. 1106 (1991)("the roles of the individual [defendants] were sufficiently distinct that the jury, aided by the court's instructions, could compartmentalize the evidence against each defendant"); United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989); United States v. Jackson, 549 F.2d 517, 526 (8th Cir.), cert. denied, 430 U.S. 985 (1977).

While defendant Vickers argues that there is no evidence that he is involved in a conspiracy to distribute powder cocaine as alleged in Count One of the Second Superseding Indictment, he is charged with conspiring to distribute marijuana and cocaine. Whether the government will be able to prove that defendant Vickers was part of the alleged cocaine conspiracy is an issue for trial. As to the charges against defendant Vickers' co-defendants, there is no reason to question that any possible prejudice to defendant Vickers resulting from evidence presented against other defendants cannot be resolved through precautionary jury instructions. There is no prejudice in this case that would require severance in order to ensure a fair trial.

### III. CONCLUSION

The Court must balance the burden and cost of separate trials against the possible prejudice to defendants. In this case, the burden and costs of separate trials outweigh any possible prejudice asserted by defendant Vickers. Therefore, it is

ORDERED that defendant Vickers' Motion to Sever Defendants (doc #272) is denied.

                                                      */s/ Sarah W. Hays*
                                                      SARAH W. HAYS
                                        UNITED STATES MAGISTRATE JUDGE