IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No. 12-00291-CR-W-GAF |
| ) | |
| VICTOR VICKERS ) | |
| Defendant. ) | |

MOTION TO EXCLUDE
CO-CONSPIRATOR'S STATEMENTS

COMES NOW, Victor Vickers, Defendant, by and through his undersigned Attorney of Record, William David Langston of Langston Law, Chartered, and pursuant to Fed. R. Evid. 801(d)(2)(E), requests this Court issue its Order granting Defendant's Motion to Exclude Co-Conspirator's Statements. In support of Defendant's motion the following is offered:

1. The Indictment in this case alleges that Defendant conspired with others to distribute marijuana;

2. The Government contends that it will attempt to introduce at trial statements of individuals that Defendant allegedly conspired with. However, a statement cannot provide the sole evidentiary support for its own admissibility. *United States v. Roach, 164 F.3d 403, 412 (8th Cir.1998).* The Court must be satisfied that there was an agreement by Defendant and his alleged co-conspirators to commit and illegal act. The Court must also be satisfied that the co-conspirators were connected to the agreement, before determining whether any of their statements are admissible;

3. A co-conspirator's statement is admissible under Fed. R. Evid. 801(d)(2)(E) to show a defendant's participation in the conspiracy. To be admissible, the Government must demonstrate (1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) that the declaration was made during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). The admissibility of an alleged co-conspirator's statement is a preliminary question for the judge, not the jury, to decide. Fed. R. Evid. 104, *United States v. Bell, 573 F.2d 1040, 1044 (8th Cir.1978)*. This requires the government to prove three essential elements by a preponderance of the evidence before a co-conspirator's statement is admitted; (1) the existence of a conspiracy; (2) the declarant and the "non-offering" party [Defendant] are involved in the conspiracy; and (3) the statements are made during the course of and in furtherance of the conspiracy. *Bourjaily v. United States, 483 U.S. 171, 175(1987)*;

4. Although a pretrial evidentiary hearing is not mandated, such hearing is requested in the instant case because of the number of statements involved. See *United States v. James, 590 F2d 575 (5th Cir. 1979)*, (suggesting that a pretrial termination is appropriate). Without a pretrial hearing on the admission of the statements, a tremendous amount of court time will be used which will disrupt an orderly presentation of the trial;

5. One of the factors the Eighth Circuit looks to in determining the reliability of a co-conspirator's statement for purposes of Fed. R. Evid. 801(d)(2)(E) is the

content of the statement, and whether it was corroborated by independent evidence. *United States v. Manfre, 368 F3d 832 (8th Circ. 2004)*;

6. Statements or admissions made by a co-conspirator after apprehension, to law enforcement officials, are not "in furtherance" of the conspiracy. A co-conspirator's post arrest, custodial statements are not intended to further a successful conspiracy and thus are not admissible as a co-conspirator's statements under Fed. R. Evid. 801(d)(2)(E). *United States v. Rashid, 383 F3d 769, 775 (8th Cir. 2004)*;

7. A statement that simply informs the listener of the declarant's criminal activities is not made in furtherance of the conspiracy. While merely informative statements and statements made simply to impress the listener are not generally in furtherance of the conspiracy, statements that discuss the supply source for the illegal drugs or identify a co-conspirator's role in the conspiracy are considered statements made "in furtherance" of the conspiracy. *United States v. Ragland, 555 F3d 706, 715 (8th Circ. 2009)*.

8. This request is not made for undo delay or vexatious reasons;

9. The Interest's of Justice will be served by granting this continuance.

WHEREFORE, Defendant prays this Honorable Court issue its Order granting Defendant's Motion to Exclude Co-Conspirator's Statements or, in the alternative, to schedule a pretrial hearing on the Motion.

Respectfully Submitted,

/s/ William David Langston
Missouri Bar No. 33021

Langston Law, Chartered  
115 East Park Street, Suite C  
Olathe, Kansas 66061  
Telephone: (913)341-8530  
Facsimile: (913) 390-9511  
langstonlaw@sbcglobal.net  
ATTORNEY FOR DEFENDANT

I hereby certify that on August 11, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the Assistant United States Attorney.

/s/ William David Langston  
Missouri Bar No. 33021  
Langston Law, Chartered  
115 East Park Street, Suite C  
Olathe, Kansas 66061  
Telephone: (913)341-8530  
Facsimile: (913) 390-9511  
langstonlaw@sbcglobal.net  
ATTORNEY FOR DEFENDANT