IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 12-00291-19-CR-W-GAF |
| | ) | |
| | ) | |
| VICTOR VICKERS | ) | |
| Defendant. | ) | |

## PROPOSED JURY INSTRUCTIONS

COMES NOW, Victor Vickers, Defendant, by and through his undersigned Attorney of

Record, William David Langston of Langston Law, Chartered, and files his Proposed Jury

Instructions.

Respectfully Submitted,

/s/ William David Langston
Missouri Bar No. 33021
Langston Law, Chartered
115 East Park Street, Suite C
Olathe, Kansas 66061
Telephone: (913)341-8530
Facsimile: (913) 390-9511
langstonlaw@sbcglobal.net
ATTORNEY FOR DEFENDANT

INSTRUCTION NO. _____


You have heard testimony about the character and reputation of [(name of witness)] [the defendant] [defendant (name)] for truthfulness.  You may consider this evidence only in deciding whether to believe the testimony of [(name of witness)] [the defendant] [defendant (name)] and how much weight to give to it.


Defendant Vickers' Instruction No. _____
SOURCE:  Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 4.02

INSTRUCTION NO. _____

You have heard evidence that (name of witness) has an arrangement with the [government] [prosecution] under which [he] [she] [gets paid] [receives (describe benefit)] for providing information to the [government] [prosecution]. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] information or testimony may have been influenced by [such payments] [receiving (describe benefit)] is for you to determine.

Defendant Vickers' Instruction No. _____
SOURCE: Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 4.06

INSTRUCTION NO. _____

You [have heard] [are about to hear] evidence that [name of witness] hopes to receive a reduced sentence on criminal charges pending against [him] [her] in return for [his] [her] cooperation with the [government] [prosecution] in this case. [Name of witness] entered into an agreement with [name of agency] which provides (specify general agreement, for example, that in return for his assistance, the [government] [prosecution] will dismiss certain charges, recommend a less severe sentence [which could be less than the mandatory minimum sentence for the crime[s] with which he/she is charged]). [[Name of witness] is subject to a mandatory minimum sentence, that is, a sentence that the law provides must be of a certain minimum length. If the prosecutor handling this witness= case believes [he] [she] provided substantial assistance, that prosecutor can file in the court in which the charges are pending against this witness a motion to reduce [his] [her] sentence below the statutory minimum. The judge has no power to reduce a sentence for substantial assistance unless the [government] [prosecution], acting through the United States Attorney, files a such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the [government] [prosecution], then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.]

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by [his] [her] hope of receiving a reduced sentence is for you to decide.


Defendant Vickers' Instruction No. ____
SOURCE:  Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 4.05B

INSTRUCTION NO. _____

You have heard testimony from (name of witness) who stated that [he] [she] participated in the crime charged against the defendant. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] testimony may have been influenced by [his] [her] desire to please the [government] [prosecution] or to strike a good bargain with the [government] [prosecution] about [his] [her] own situation is for you to determine.


Defendant Vickers' Instruction No. _____
SOURCE: Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 4.05A

INSTRUCTION NO. _____

You have heard evidence that (name of witness) [has made a plea agreement with the [government] [prosecution] [has received a promise from the [government] [prosecution] that [he] [she] will not be prosecuted] [has received a promise from the [government] [prosecution] that [his] [her] testimony will not be used against [him] [her] in a criminal case]. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] testimony may have been influenced by the [plea agreement] [government's] [prosecution's] promise] is for you to determine.

[The witness' guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.][1]

Defendant Vickers' Instruction No. _____
SOURCE: Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 4.04

INSTRUCTION NO. _____

You [are about to hear] [have heard] evidence that defendant (name) was previously convicted of [a] crime[s].  You may use that evidence only to help you decide whether to believe [his] [her] testimony and how much weight to give it.  The fact that [he] [she] was previously convicted of a crime does not mean that [he] [she] committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

[That evidence may not be used in any way at all in connection with the other defendant[s].][1]


Defendant Vickers' Instruction No. ____
SOURCE:  Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 2.16

INSTRUCTION NO. _____

   You may consider the statement of defendant (name) only in the case against [him] [her], and not against the other defendant[s].  You may not consider or discuss defendant (name)=s statement in any way when you are deciding if the [government] [prosecution] proved, beyond a reasonable doubt, [its] [his] [her] case against the other defendant[s].


Defendant Vickers' Instruction No. _____
SOURCE:  <u>Eighth Circuit Manual of Model Jury Instructions (Criminal)</u>,(2013 Revised Edition), No. 2.15

INSTRUCTION NO. _____

      As you know, there are (insert number) defendants on trial here:  (name each defendant).
Each defendant is entitled to have [his] [her] case decided solely on the evidence which applies
to [him] [her].  You may consider some of the evidence in this case only against defendant
(name); you may not consider that evidence against the other defendant[s].

      You may consider the [evidence] [testimony] [exhibit] you [are about to hear] [just heard
about], (describe testimony or exhibit), only against defendant (name).  You must not consider
that evidence when you are deciding if the [government] [prosecution] has proved, beyond a
reasonable doubt, [its] [his] [her] case against defendant[s] (name[s]).


Defendant Vickers' Instruction No. _____
SOURCE:  Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition),
No. 2.14

INSTRUCTION NO. _____

      During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Defendant Vickers' Instruction No. _____
SOURCE: Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 1.07

INSTRUCTION NO. _____

       In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

       [In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe].[1]

Defendant Vickers' Instruction No. _____
SOURCE: <u>Eighth Circuit Manual of Model Jury Instructions (Criminal),</u>(2013 Revised Edition), No. 1.05

INSTRUCTION NO. _____

 As you have [also] heard, there is a transcript of the recording [I just mentioned] [you are about to hear].  That transcript also undertakes to identify the speakers engaged in the conversation.

 The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers.  Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice.  It is what you hear, however, and not what you read, that is the evidence.

 [Whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording.  If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.][1]


Defendant Vickers' Instruction No. \_\_\_\_
SOURCE:  Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 2.06A

INSTRUCTION NO. _____

      In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

      In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time,[1] the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

      [In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.]

      [You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.][2]

Defendant Vickers' Instruction No. _____
SOURCE: Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 3.04

INSTRUCTION NO. _____

The Indictment in this case charges the defendants with (insert number) different crimes.

Count[s] ____, charge[s] that defendant[s] (insert name[s]) committed the crime of (describe offense).[1]

Count[s] ___ charge[s] that defendant[s] (insert name[s]) committed the crime of (describe offense). (Continue as necessary.)

Each defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendants to be innocent. Thus, the defendants began the trial with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each defendant not guilty of each count. This presumption can be overcome as to each charge only if the [government] [prosecution] proved during the trial, beyond a reasonable doubt, each element of that charge.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

[There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the [government] [prosecution] throughout the trial.[2]] [The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.][3]


Defendant Vickers' Instruction No. _____
SOURCE:  Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 3.08

INSTRUCTION NO. _____

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation.  A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence.  Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life=s most important decisions.  Proof beyond a reasonable doubt i s proof that leaves you firmly convinced of the defendant=s guilt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Defendant Vickers' Instruction No. _____
SOURCE:  <u>Eighth Circuit Manual of Model Jury Instructions (Criminal),</u>(2013 Revised Edition), No. 3.11

INSTRUCTION NO. _____

If your verdict under Instruction No. ___ [as to any particular defendant charged] [under Count ___] is not guilty, or if, after all reasonable efforts, you are unable to reach a verdict [as to that defendant] on Instruction No. ___, you should record that decision on the verdict form[s] and go on to consider whether [that] defendant is guilty of the crime of (describe lesser-included offense) under this instruction.  The crime of (describe lesser-included offense), [a lesser-included offense of the crime charged in [Count ___ of] the Indictment,][1] has _____ elements, which are:

*One*, _____;

*Two*, _____; and

*Etc.*, _____.

For you to find [a] defendant guilty of this crime [, a lesser-included offense,] [under Count ___], the [government] [prosecution] must prove all of these elements beyond a reasonable doubt [as to that defendant]; otherwise you must find [the] [that particular] defendant not guilty of this crime [,a lesser-included offense,] [under Count ___].[2]


Defendant Vickers' Instruction No. _____
SOURCE:  Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 3.10

INSTRUCTION NO. _____

The indictment charges that the defendants were members of one single conspiracy to commit the crime of (insert name of crime).[1]

One of the issues you must decide is whether there were really two (or more) separate conspiracies -- one [between] [among] _____ and _____ to commit the crime of _____, and another one [between] [among] _____ and _____ to commit the crime of _____.[2]

The [government] [prosecution] must convince you beyond a reasonable doubt that each defendant was a member of the conspiracy to commit the crime of (insert name of crime), as charged in the indictment. If the [government] [prosecution] fails to prove this as to a defendant, then you must find that defendant not guilty of the conspiracy charge, even if you find that [he] [she] was a member of some other conspiracy. Proof that a defendant was a member of some other conspiracy is not enough to convict.

But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the [government] [prosecution] also proved that [he] [she] was a member of the conspiracy to commit the crime of (insert name of crime), as charged in the indictment.[3]

[A single conspiracy may exist even if all the members did not know each other, or never met together, or did not know what roles all the other members played. And a single conspiracy may exist even if different members joined at different times, or the membership of the group changed. Similarly, just because there were different subgroups operating in different places, or many different criminal acts committed over a long period of time, does not necessarily mean that there was more than one conspiracy. These are factors you may consider in determining whether more than one conspiracy existed.]

Defendant Vickers' Instruction No. _____
SOURCE: Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 5.06B

INSTRUCTION NO. _____

      If a person enters into an agreement but withdraws from that agreement before anyone has committed an act in furtherance of it, then the crime of conspiracy was not complete at that time and the person who withdrew must be found not guilty of the crime of conspiracy.

      In order for you to find that a person withdrew from a conspiracy, you must find that the person took a definite, positive step to disavow or defeat the purpose of the conspiracy. Merely stopping activities or a period of inactivity is not enough. That person must have taken such action before any member of the scheme had committed any act in furtherance of the conspiracy.

      The defendant has the burden of proving that [he] [she] withdrew from the conspiracy, which means proving it is more likely true than not true that the defendant withdrew from the conspiracy. You decide that by considering all the evidence and deciding what evidence is more believable on the question of whether the defendant withdrew from the conspiracy. This is a lower standard than proof beyond a reasonable doubt. [If the evidence appears to be equally balanced, or if you cannot say which is more believable, you must resolve that question against the defendant. Deciding what evidence is more believable is not necessarily determined by the greater number of witnesses or exhibits a party has presented.]

Defendant Vickers' Instruction No. _____
SOURCE:  Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 5.06C

INSTRUCTION NO. _____

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated--that is, formally agreed to by the parties, and any facts that have been judicially noticed--that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.


Defendant Vickers' Instruction No. _____
SOURCE: Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 1.03

INSTRUCTION NO. _____

VERDICT

      We, the jury, find Defendant (name) _____of the crime of (insert brief
                               [guilty/not guilty]

description, e.g., possession with intent to distribute 500 grams or more of a mixture or substance

containing methamphetamine) [as charged in Count _____ of the Indictment] [under Instruction

No. _____].

                                          _____

                                          Foreperson

_____
(Date)

        If you unanimously find Defendant (name) guilty of the above crime, have your
foreperson write "guilty" in the above blank space, sign and date this verdict form.  Do
not consider the following verdict form.

        If you unanimously find the Defendant (name) not guilty of the above charge,
have your foreperson write "not guilty" in the above blank space.  You then must
consider whether the defendant is guilty of (specify lesser-included offense) on the
following verdict form.

        If you are unable to reach a unanimous decision on the above charge, leave the
space blank and decide whether the defendant is guilty of (specify lesser-included
offense, e.g., possession with intent to distribute 50 grams or more of a mixture or
substance containing methamphetamine) as follows:

### [LESSER-INCLUDED OFFENSE]

[We, the jury, find Defendant (name) _____ of the crime of (insert brief
                                   [guilty/not guilty]

description, e.g., possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine) [as charged in Count _____ of the Indictment] [under Instruction No. _____].

_____
Foreperson

_____
(Date)

        If you unanimously find Defendant (name) guilty of the above crime, have your foreperson write "guilty" in the above blank space, sign and date this verdict form. Do not consider the following verdict form.

        If you unanimously find Defendant (name) not guilty of the above charge, have your foreperson write "not guilty" in the above blank space. You then must consider whether the defendant is guilty of (specify lesser-included offense) on the following verdict form.

        If you are unable to reach a unanimous decision on the above charge, leave the space blank and decide whether the defendant is guilty of (specify lesser-included offense) as follows:]

## LESSER-INCLUDED OFFENSE

    We, the jury, find Defendant (name) _____ of the crime of (insert brief
                          [guilty/not guilty]

description, e.g., possession with intent to distribute a mixture or substance containing methamphetamine)) [as charged in Count _____ of the Indictment] [under Instruction No. __ ].

_____
Foreperson

_____
(Date)

Defendant Vickers' Instruction No. _____
SOURCE: Eighth Circuit Manual of Model Jury Instructions (Criminal),(2013 Revised Edition), No. 6.21.841A.1(a)

INSTRUCTION NO. _____

A conspiracy requires more than just a buyer-seller relationship between the defendant and another person. In addition, a buyer and seller of [name of drug] do not enter into a conspiracy to [distribute [name of drug]; possess [name of drug] with intent to distribute] simply because the buyer resells the [name of drug] to others, even if the seller knows that the buyer intends to resell the [name of drug].

To establish that a [buyer; seller] knowingly became a member of a conspiracy with a [seller; buyer] to [distribute [name of drug]; possess [name of drug] with intent to distribute], the government must prove that the buyer and seller had the joint criminal objective of distributing [name of drug] to others.


Defendant Vickers' Instruction No. _____
SOURCE: <u>Seventh Circuit Manual of Model Jury Instructions (Criminal)</u>,(2012 Revised Edition), No. 5.10A

INSTRUCTION NO. _____

(a)

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not sufficient by itself to establish the defendant's guilt.

(b)

If a defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

(c)

A defendant's association with persons involved in a [crime; criminal scheme] is not sufficient by itself to prove his [participation in the crime] [or] [membership in the criminal scheme].

Defendant Vickers' Instruction No. _____
SOURCE:  Seventh Circuit Manual of Model Jury Instructions (Criminal),(2012 Revised Edition), No. 5.07

INSTRUCTION NO. _____

You have heard testimony about the character and reputation of [(name of witness)] [the defendant] [defendant (name)] for truthfulness.  You may consider this evidence only in deciding whether to believe the testimony of [(name of witness)] [the defendant] [defendant (name)] and how much weight to give to it.

INSTRUCTION NO. _____

You have heard evidence that (name of witness) has an arrangement with the [government] [prosecution] under which [he] [she] [gets paid] [receives (describe benefit)] for providing information to the [government] [prosecution]. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] information or testimony may have been influenced by [such payments] [receiving (describe benefit)] is for you to determine.

INSTRUCTION NO. _____

You [have heard] [are about to hear] evidence that [name of witness] hopes to receive a reduced sentence on criminal charges pending against [him] [her] in return for [his] [her] cooperation with the [government] [prosecution] in this case. [Name of witness] entered into an agreement with [name of agency] which provides (specify general agreement, for example, that in return for his assistance, the [government] [prosecution] will dismiss certain charges, recommend a less severe sentence [which could be less than the mandatory minimum sentence for the crime[s] with which he/she is charged]). [[Name of witness] is subject to a mandatory minimum sentence, that is, a sentence that the law provides must be of a certain minimum length. If the prosecutor handling this witness= case believes [he] [she] provided substantial assistance, that prosecutor can file in the court in which the charges are pending against this witness a motion to reduce [his] [her] sentence below the statutory minimum. The judge has no power to reduce a sentence for substantial assistance unless the [government] [prosecution], acting through the United States Attorney, files a such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the [government] [prosecution], then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.]

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by [his] [her] hope of receiving a reduced sentence is for you to decide.

INSTRUCTION NO. _____

You have heard testimony from (name of witness) who stated that [he] [she] participated in the crime charged against the defendant. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] testimony may have been influenced by [his] [her] desire to please the [government] [prosecution] or to strike a good bargain with the [government] [prosecution] about [his] [her] own situation is for you to determine.

INSTRUCTION NO. _____

You have heard evidence that (name of witness) [has made a plea agreement with the [government] [prosecution] [has received a promise from the [government] [prosecution] that [he] [she] will not be prosecuted] [has received a promise from the [government] [prosecution] that [his] [her] testimony will not be used against [him] [her] in a criminal case]. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] testimony may have been influenced by the [plea agreement] [government's] [prosecution's] promise] is for you to determine.

[The witness' guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.][1]

INSTRUCTION NO. _____

You [are about to hear] [have heard] evidence that defendant (name) was previously convicted of [a] crime[s].  You may use that evidence only to help you decide whether to believe [his] [her] testimony and how much weight to give it.  The fact that [he] [she] was previously convicted of a crime does not mean that [he] [she] committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

[That evidence may not be used in any way at all in connection with the other defendant[s].][1]

INSTRUCTION NO. _____

       You may consider the statement of defendant (name) only in the case against [him] [her], and not against the other defendant[s].  You may not consider or discuss defendant (name)=s statement in any way when you are deciding if the [government] [prosecution] proved, beyond a reasonable doubt, [its] [his] [her] case against the other defendant[s].

INSTRUCTION NO. _____

      As you know, there are (insert number) defendants on trial here: (name each defendant). Each defendant is entitled to have [his] [her] case decided solely on the evidence which applies to [him] [her]. You may consider some of the evidence in this case only against defendant (name); you may not consider that evidence against the other defendant[s].

      You may consider the [evidence] [testimony] [exhibit] you [are about to hear] [just heard about], (describe testimony or exhibit), only against defendant (name). You must not consider that evidence when you are deciding if the [government] [prosecution] has proved, beyond a reasonable doubt, [its] [his] [her] case against defendant[s] (name[s]).

INSTRUCTION NO. _____

      During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

INSTRUCTION NO. _____

      In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

      [In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe].[1]

INSTRUCTION NO. _____

As you have [also] heard, there is a transcript of the recording [I just mentioned] [you are about to hear]. That transcript also undertakes to identify the speakers engaged in the conversation.

The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.

[Whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.][1]

INSTRUCTION NO. _____

      In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

      In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time,[1] the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

      [In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.]

      [You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.][2]

INSTRUCTION NO. _____

The Indictment in this case charges the defendants with (insert number) different crimes.

Count[s] ___, charge[s] that defendant[s] (insert name[s]) committed the crime of (describe offense).[1]

Count[s] __ charge[s] that defendant[s] (insert name[s]) committed the crime of (describe offense). (Continue as necessary.)

Each defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendants to be innocent. Thus, the defendants began the trial with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each defendant not guilty of each count. This presumption can be overcome as to each charge only if the [government] [prosecution] proved during the trial, beyond a reasonable doubt, each element of that charge.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

[There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the [government] [prosecution] throughout the trial.[2]] [The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.][3]

INSTRUCTION NO.

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life=s most important decisions. Proof beyond a reasonable doubt i s proof that leaves you firmly convinced of the defendant=s guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. _____

If your verdict under Instruction No. ___ [as to any particular defendant charged] [under Count ___] is not guilty, or if, after all reasonable efforts, you are unable to reach a verdict [as to that defendant] on Instruction No. ___, you should record that decision on the verdict form[s] and go on to consider whether [that] defendant is guilty of the crime of (describe lesser-included offense) under this instruction.  The crime of (describe lesser-included offense), [a lesser-included offense of the crime charged in [Count ___ of] the Indictment,][1] has _____ elements, which are:

*One*, _____;

*Two*, _____; and

*Etc.*, _____.

For you to find [a] defendant guilty of this crime [, a lesser-included offense,] [under Count ___], the [government] [prosecution] must prove all of these elements beyond a reasonable doubt [as to that defendant]; otherwise you must find [the] [that particular] defendant not guilty of this crime [,a lesser-included offense,] [under Count ___].[2]

INSTRUCTION NO. _____

The indictment charges that the defendants were members of one single conspiracy to commit the crime of (insert name of crime).[1]

One of the issues you must decide is whether there were really two (or more) separate conspiracies -- one [between] [among] _____ and _____ to commit the crime of _____, and another one [between] [among] _____ and _____ to commit the crime of _____.[2]

The [government] [prosecution] must convince you beyond a reasonable doubt that each defendant was a member of the conspiracy to commit the crime of (insert name of crime), as charged in the indictment. If the [government] [prosecution] fails to prove this as to a defendant, then you must find that defendant not guilty of the conspiracy charge, even if you find that [he] [she] was a member of some other conspiracy. Proof that a defendant was a member of some other conspiracy is not enough to convict.

But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the [government] [prosecution] also proved that [he] [she] was a member of the conspiracy to commit the crime of (insert name of crime), as charged in the indictment.[3]

[A single conspiracy may exist even if all the members did not know each other, or never met together, or did not know what roles all the other members played. And a single conspiracy may exist even if different members joined at different times, or the membership of the group changed. Similarly, just because there were different subgroups operating in different places, or many different criminal acts committed over a long period of time, does not necessarily mean that there was more than one conspiracy. These are factors you may consider in determining whether more than one conspiracy existed.]

INSTRUCTION NO. _____

If a person enters into an agreement but withdraws from that agreement before anyone has committed an act in furtherance of it, then the crime of conspiracy was not complete at that time and the person who withdrew must be found not guilty of the crime of conspiracy.

In order for you to find that a person withdrew from a conspiracy, you must find that the person took a definite, positive step to disavow or defeat the purpose of the conspiracy. Merely stopping activities or a period of inactivity is not enough. That person must have taken such action before any member of the scheme had committed any act in furtherance of the conspiracy.

The defendant has the burden of proving that [he] [she] withdrew from the conspiracy, which means proving it is more likely true than not true that the defendant withdrew from the conspiracy. You decide that by considering all the evidence and deciding what evidence is more believable on the question of whether the defendant withdrew from the conspiracy. This is a lower standard than proof beyond a reasonable doubt. [If the evidence appears to be equally balanced, or if you cannot say which is more believable, you must resolve that question against the defendant. Deciding what evidence is more believable is not necessarily determined by the greater number of witnesses or exhibits a party has presented.]

INSTRUCTION NO. _____

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated--that is, formally agreed to by the parties, and any facts that have been judicially noticed--that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence.  I will list those things for you now:

1.  Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.  Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.  Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

INSTRUCTION NO. _____

VERDICT

We, the jury, find Defendant (name) _____ of the crime of (insert brief
                                   [guilty/not guilty]

description, e.g., possession with intent to distribute 500 grams or more of a mixture or substance

containing methamphetamine) [as charged in Count _____ of the Indictment] [under Instruction

No. _____].

_____
Foreperson

_____
(Date)

       If you unanimously find Defendant (name) guilty of the above crime, have your
foreperson write "guilty" in the above blank space, sign and date this verdict form.  Do
not consider the following verdict form.

       If you unanimously find the Defendant (name) not guilty of the above charge,
have your foreperson write "not guilty" in the above blank space.  You then must
consider whether the defendant is guilty of (specify lesser-included offense) on the
following verdict form.

       If you are unable to reach a unanimous decision on the above charge, leave the
space blank and decide whether the defendant is guilty of (specify lesser-included
offense, e.g., possession with intent to distribute 50 grams or more of a mixture or
substance containing methamphetamine) as follows:

**[LESSER-INCLUDED OFFENSE]**

[We, the jury, find Defendant (name) _____ of the crime of (insert brief
                                     [guilty/not guilty]

description, e.g., possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine) [as charged in Count _____ of the Indictment] [under Instruction No. _____].

_____
                                        Foreperson
_____
(Date)

        If you unanimously find Defendant (name) guilty of the above crime, have your foreperson write "guilty" in the above blank space, sign and date this verdict form.  Do not consider the following verdict form.

        If you unanimously find Defendant (name) not guilty of the above charge, have your foreperson write "not guilty" in the above blank space.  You then must consider whether the defendant is guilty of (specify lesser-included offense) on the following verdict form.

        If you are unable to reach a unanimous decision on the above charge, leave the space blank and decide whether the defendant is guilty of (specify lesser-included offense) as follows:]

### LESSER-INCLUDED OFFENSE

        We, the jury, find Defendant (name) _____ of the crime of (insert brief
                                                      [guilty/not guilty]

description, e.g., possession with intent to distribute a mixture or substance containing methamphetamine)) [as charged in Count _____ of the Indictment] [under Instruction No. __ ].

_____
                                        Foreperson
_____
(Date)

INSTRUCTION NO. _____

A conspiracy requires more than just a buyer-seller relationship between the defendant and another person. In addition, a buyer and seller of [name of drug] do not enter into a conspiracy to [distribute [name of drug]; possess [name of drug] with intent to distribute] simply because the buyer resells the [name of drug] to others, even if the seller knows that the buyer intends to resell the [name of drug].

To establish that a [buyer; seller] knowingly became a member of a conspiracy with a [seller; buyer] to [distribute [name of drug]; possess [name of drug] with intent to distribute], the government must prove that the buyer and seller had the joint criminal objective of distributing [name of drug] to others.

INSTRUCTION NO. _____

(a)

A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not sufficient by itself to establish the defendant's guilt.

(b)

If a defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

(c)

A defendant's association with persons involved in a [crime; criminal scheme] is not sufficient by itself to prove his [participation in the crime] [or] [membership in the criminal scheme].

I hereby certify that on August 20, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the Assistant United States Attorney.

/s/ William David Langston
Missouri Bar No. 33021
Langston Law, Chartered
115 East Park Street, Suite C
Olathe, Kansas 66061
Telephone: (913)341-8530
Facsimile: (913) 390-9511
langstonlaw@sbcglobal.net
ATTORNEY FOR DEFENDANT