IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| V. ) | Case No. 12-00291-19-CR-W-GAF |
| ) | |
| ) | |
| VICTOR VICKERS ) | |
|     Defendant. ) | |

MOTION FOR NEW TRIAL

    COMES NOW, Victor Vickers, Defendant, by and through his undersigned Attorney of Record, William David Langston of Langston Law, Chartered, and pursuant to Rule 33 of the Federal Rules of Criminal Procedure, moves this Court for It's Order granting Defendant's Motion for New Trial. In support of Defendant's motion the following is offered:

    1.    Defendant was found guilty after a trial by jury of a lesser included offense in violation of 21 U.S.C. 841(b)(1)(D) and 846 on September 10, 2014;

    2.    The Defendant was not afforded a fair trial due to defects in the Court's jury instruction #22 and the Court's verdict forms 11.02 and 11.03. As given, the lesser included offense verdict form deprived Defendant Vickers of the option for the jury to find him guilty of the offense in an amount less than fifty (50) kilograms of marijuana. As given, the verdict form only allowed the jury to find that Defendant Vickers was responsible for one hundred (100) kilograms or less of marijuana. The testimony of Darryl Taylor indicated that Defendant Vickers had been involved in no more than ten (10) to fourteen (14) pounds of marijuana during the time covered by the Second Superseding Indictment. The jury could

logically conclude that based upon the aforementioned amounts Defendant Vickers would have been responsible for the lesser amount of fifty (50) kilograms of marijuana. *Alleyne v. U.S., 133 S.Ct. 2151, (2013),* which was an extension of the ruling in *Apprendi v. New Jersey, 530 U.S. 466, (2000),* which states, *"Any fact that, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt."* The difference between less than one hundred (100) kilograms of marijuana and less than fifty (50) kilograms of marijuana increases the statutory maximum from five (5) years to twenty (20) years. As a result of this error, Defendant was not afforded a fair trial;

3. The Defendant was not afforded a fair trial due to the Court's denial of giving to the jury Defendant Vickers's proffered Eighth Circuit Model Jury Instruction #506B dealing with multiple conspiracies. *United States v. Haren, 952 F.2d 190 (1991); United States v. Nevils, 897 F.2d 300 (1990).* Testimony at trial by Joshua Hudspeth and Daniel Howard stated that they witnessed Defendant Vickers sell marijuana to A. J. Johnson. However, their testimony involved periods prior to February 1, 2010, which is the beginning date of the Second Superseding Indictment. Additionally, A. J. Johnson was not a member of the charged instant conspiracy. *United States v. Jackson, 696 F.2d 578 (1982)*;

4. The Defendant was not afforded a fair trial due to the Court's denial of giving to the jury Defendant Vickers's proffered Eighth Circuit Model Jury Instruction #506B dealing with multiple conspiracies. *United States v. Haren, 952 F.2d 190 (1991); United States v. Nevils, 897 F.2d 300 (1990).* Darryl Taylor, the only

member of the charged instant conspiracy, testified to direct transactions dealing with marijuana with Defendant Vickers. Darryl Taylor made four inconsistent statements to government agents and Assistant United States Attorneys during the course of the investigation. The Court's jury instruction #12 informed the jury that "You may believe all of what a witness said, or only part of it, or none of it." If the jury decided not to believe any of Darryl Taylor's testimony, all remaining evidence could only suggest Defendant Vickers may have been part of some other conspiracy. *United States v. Jackson, 696 F.2d 578 (1982)*;

5. The Defendant was not afforded a fair trial due to the Government misstating the evidence and the law in their closing arguments by telling the jury that they could find Defendant Vickers guilty of the crime charged if they found that Defendant Vickers conspired with Rahmon Allen. *United States v. Vazquez-Garcia, 340 F.3d 632 (2003)*. The evidence shows that Rahmon Allen was not alleged to have entered the charged instant conspiracy until 2012. Defendant Vickers has been incarcerated in Federal custody since August 2011. *United States v. Beckman, 222 F.3d 512 (2000)*;

6. The Defendant was not afforded a fair trial due to the Government misstating the evidence and the law in their closing arguments by telling the jury that Keith Jones purchased marijuana from Rahmon Allen and that fact allowed the jury to find Defendant Vickers guilty in the instant conspiracy. *United States v. Vazquez-Garcia, 340 F.3d 632 (2003)*. The evidence clearly showed that transactions between Keith Jones and Rahmon Allen occurred, if at all, before either of them became part of the charged instant conspiracy. Additionally, Keith Jones never

purchased any amount of marijuana once he entered the charged instant conspiracy. It is insufficient to prove Defendant Vickers guilty in the charged instant conspiracy because he may have been part of some other conspiracy. The government must prove that Defendant Vickers is guilty of the charged instant conspiracy. *United States v. Beckman, 222 F.3d 512 (2000)*;

7. The Defendant was not afforded a fair trial due to the Government's improper closing arguments bolstering the credibility of their cooperating witnesses. *United States v. Benitez-Meraz, 161 F.3d 1163 (1998)*. Additionally, the governments closing arguments were improper by "assuring" the jury that "the defendants are all guilty and they already know it". *United States v. Santana, 150 F.3d 860 (1998)*;

8. The Defendant was not afforded a fair trial due to the Court's denial of giving to the jury Defendant Vickers's proffered Seventh Circuit Model Jury Instruction #5.10A dealing with a buyer/seller relationship. Proof that Defendant Vickers merely sold drugs to others does not prove the existence of Defendant Vickers's participation in the charged instant conspiracy. *United States v. Prieskorn, 658 F.2d 631 (1981)*. Conspiracy requires proof of an agreement to commit a crime other than the crime that consists of the sale itself. The majority of the government's witnesses involving the charged instant conspiracy testified that they did not know Defendant Vickers. Robert Taylor testified that Defendant Vickers had no involvement in the charged instant conspiracy. Darryl Taylor testified that Defendant Vickers had no knowledge about the Mexican supply of marijuana to the Andre Taylor Drug Trafficking Organization. As a result, the

evidence failed to show that Defendant Vickers knew any of the details of the charged instant conspiracy and that Defendant Vickers never took any step to join the illegal enterprise. *United States v. Johnson, 439 F.3d 947 (2006)*;

9. The Defendant was not afforded a fair trial due to the Court's denial of giving to the jury Defendant Vickers's proffered Seventh Circuit Model Jury Instruction #5.07 dealing with Defendant Vickers's mere presence at the scene where a crime is committed. Darryl Taylor testified that on at least two to three occasions, Defendant Vickers was merely present during a marijuana transaction and Defendant Vickers did not participate in the transaction.

10. The Defendant was not afforded a fair trial due to the Court's denial of giving to the jury Defendant Vickers's proffered Eighth Circuit Model Jury Instruction #4.01 dealing with Defendant's decision not to testify. *Carter v. Kentucky, 450 U.S. 288 (1981)*. In the trial, co-defendant Eric Union testified on his own behalf. Defendant Vickers and Defendant Taylor chose not to testify. The jury should have been instructed on Defendant's Fifth Amendment to the United States Constitution right to not offer their own testimony. *Taylor v. Kentucky, 436 U.S. 478 (1978)*. Additionally, the jury should have been instructed that they can draw no inference of guilt based on a defendant's decision not to testify. The fact that Defendant Union did choose to testify makes the lack of this instruction prejudicial as the jury was left to wonder if Defendant Vickers and Defendant Taylor had something to hide. In the alternative, the jury may have assumed Defendant Vickers and Defendant Taylor were in fact guilty because they chose not to testify. *United States v. Bain, 596 F.2d 120 (1979)*;

11. The Interest's of Justice will be served by granting this continuance.

WHEREFORE, Defendant prays this Honorable Court issue its Order granting Defendant's Motion for New Trial and for such other just and equitable relief as the Court deems appropriate.

Respectfully Submitted,

/s/ William David Langston
Missouri Bar No. 33021
Langston Law, Chartered
115 East Park Street, Suite C
Olathe, Kansas 66061
Telephone: (913)341-8530
Facsimile: (913) 390-9511
langstonlaw@sbcglobal.net
ATTORNEY FOR DEFENDANT

I hereby certify that on September 24, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the Assistant United States Attorney.

/s/ William David Langston
Missouri Bar No. 33021
Langston Law, Chartered
115 East Park Street, Suite C
Olathe, Kansas 66061
Telephone: (913)341-8530
Facsimile: (913) 390-9511
langstonlaw@sbcglobal.net
ATTORNEY FOR DEFENDANT