```
                   UNITED STATES DISTRICT COURT

                   WESTERN DISTRICT OF MISSOURI


UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     vs.                       )  Case No.
                               )  12-00291-19-CR-W-GAF
VICTOR VICKERS,                )
                               )
          Defendant.           )
```

TRANSCRIPT OF RE-SENTENCING HEARING
BEFORE THE HONORABLE GARY A. FENNER
UNITED STATES DISTRICT JUDGE
JUNE 9, 2016
KANSAS CITY, MISSOURI

FOR THE PLAINTIFF:
    MR. STEFAN C. HUGHES
    Assistant United States Attorney
    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Floor 5
    Kansas City, Missouri 64106

FOR THE DEFENDANT:
    MR. WILLIAM DAVID LANGSTON
    115 East Park Street
    Suite C
    Olathe, Kansas 66061


    Proceedings recorded by mechanical stenography, transcript produced by computer


KATHERINE A. CALVERT, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER
CHARLES EVANS WHITTAKER COURTHOUSE
400 EAST NINTH STREET
KANSAS CITY, MISSOURI 64106

```
 1                              JUNE 9, 2016
 2            THE COURT:  Ready, Mr. Hughes?
 3            MR. HUGHES:  I am, Your Honor.
 4            THE COURT:  Mr. Langston?
 5            MR. LANGSTON:  We're ready to proceed, Judge.
 6            THE COURT:  Mr. Langston, have you reviewed the
 7   revisions to the proposed sentencing guideline application
 8   that's been prepared by the probation office?
 9            MR. LANGSTON:  I have, Judge.  I reviewed the second
10   addendum and reviewed the most recent fourth addendum.  We have
11   reviewed those.
12            THE COURT:  All right.  Thank you.
13            And as reflected in those revisions to the guideline
14   application, we are now at a guideline total offense
15   calculation of 12 and criminal history category of IV.
16            Do you agree with those revised calculations or do
17   you have any objection to them, Mr. Langston?
18            MR. LANGSTON:  I have no objection to those revised
19   calculations.
20            THE COURT:  Thank you.
21            And as reflected under those revisions, the
22   recommended range of punishment under the sentencing guidelines
23   is 21 months to 27 months.  There is no cross-references
24   directed by the court of appeals; however, as we're all aware,
25   Mr. Vickers has suffered a conviction on first degree murder,
```

armed criminal action, assault first degree, and another count
                    of armed criminal action in Case No. 1116-CR03744-03 in Jackson
                    County, which is a significant consideration to me in terms of
                    the statutory considerations. I am considering a sentence
                    higher than the recommended guideline range.

                    But, Mr. Langston, would you like to speak to what
                    you feel would be an appropriate sentence for Mr. Vickers in
                    this matter given where we are?

                    MR. LANGSTON: I would, Judge. Would you like me to
                    do it from the podium?

                    THE COURT: I would appreciate it if you would come
                    to the podium. Thank you.

                    MR. LANGSTON: Thank you.

                    Judge, I believe that the guideline sentence here
                    will serve all of the purposes of 3553(a), especially in light
                    of what you have said about what Mr. Vickers is facing in
                    the Jackson County case. His sentencing is going to be on
                    July 15th, and he is looking at a very real potential of life
                    in imprisonment sentence.

                    His culpability in this case, as found by the jury, was
                    5 to 7 kilograms, which gives us a base offense level of 12
                    under the sentencing guidelines. His criminal history has
                    bumped up to a level IV, as you mentioned, because of the
                    one-point increase for the conviction in Jackson County.

                    Judge, I believe that a guideline sentence is

appropriate here. That was what we calculated last time. The only enhancement last time was the cross-reference to the 2A1.1 murder cross-reference, which we know is no longer applicable in this case.

I would ask that you impose a guideline sentence, Judge. I think that is appropriate. I think that it serves the deterrent factor necessary, especially coupled with the lengthy jail sentence he's facing in Jackson County, and I think that to encumber the federal budget any further would not be worthy of the punishment necessary.

THE COURT: All right. Thank you, Mr. Langston.

Mr. Vickers, is there anything you'd like to say this afternoon?

THE DEFENDANT: Very, very briefly, Your Honor. I would just like to apologize to you, Mr. Hughes for my previous statement that I made before the Court. I feel like I may have said too much. This time has humbled myself and I just believe in God and believe everything happens for a reason.

I accept complete responsibility for all of the marijuana I've ever sold in my entire life; but I must say, Your Honor, I have never killed a man ever in my life. That's not in my heart. It's not something I've ever done. And I would just ask that -- I mean, I am facing a life sentence in Jackson County, Your Honor. I just would ask that I'm able to get out of your hair, Mr. Langston's hair, Mr. Hughes' hair. I

1  would just ask that I get this over with and just return and
2  focus my energies over there.
3              THE COURT:  Thank you, Mr. Vickers.
4              THE DEFENDANT:  Thank you, sir.
5          Mr. Hughes.
6              MR. HUGHES:  Thank you, Your Honor.
7          This is perhaps one of the finest days in my
8  prosecution career because now two juries have justly rendered
9  guilty verdicts against Mr. Vickers.  As such, it is deeply
10 gratifying that an especially deserving sociopathic, ruthless
11 murderer is going to spend the rest of his life behind bars
12 where he cannot hurt anyone else.
13         So as such, I don't need to waste this Court's time
14 putting on evidence about another murder-for-hire plot that I
15 know that he was involved in.  I don't even want you to
16 consider it.  The facts before this court right now are enough
17 to give him a maximum sentence.
18         The Court will recall the evidence presented during
19 the original sentencing hearing last year where Detective
20 Phillips told you and the rest of the audience, Mr. Ed Ewing
21 was never involved in the drug business.  He was an honest,
22 decent man and went to work every day, came home with his
23 check.  He was a devoted boyfriend to Ms. Forbush.  They had
24 children together.  He didn't even have so much as a spitting
25 on the sidewalk citation.  And, yet, Victor Vickers mistakenly

believed that Mr. Ewing stole his and Garron Briggs' drug profits and drugs, and Mr. Vickers --

MR. LANGSTON: Judge, I'm going to object at this point as to the relevance of this. The murder enhancement is not before you, whether or not he's been convicted of that crime, but to go on and on about that I think is objectionable.

THE COURT: Overruled.

MR. HUGHES: Thank you, Your Honor.

Mr. Vickers and an unknown third party pistol whipped and slaughtered a naked man who posed no threat to him, shot him seven times. It was a vicious killing.

And, as I said, they did that on nothing more than a whim or a hunch, and it reminds me of a quote my mother used to say, "There's nothing more terrifying than ignorance in action," and that was the height of what he was involved in that night.

During the lead-up to our trial, they denied the murder case even existed in the pleadings; and as this court heard the testimony in the trial that we did before you almost two years ago, Mr. Vickers drafted an affidavit purporting to falsely reduce the amounts of marijuana that Darryl Taylor originally told agents that Darryl Taylor had sold to Mr. Vickers. The net result of that was that Darryl Taylor's inconsistency in testimony about the amounts forced the jury to be unable to decide the amount to hold Mr. Vickers responsible

|   |   |
|---|---|
| 1 | for. |
| 2 | And so even with that information that came out |
| 3 | during the trial, they were defiant in how they treat that. |
| 4 | Instead of acknowledging what they did was wrongful, what he |
| 5 | did was wrongful, instead Mr. Langston argues that Mr. Vickers |
| 6 | had a constitutional right to intimidate the witness. |
| 7 | MR. LANGSTON: Judge, I'm going to object -- |
| 8 | THE COURT: Sustained. |
| 9 | MR. LANGSTON: -- to that. I never said that. |
| 10 | Judge, I object to that. |
| 11 | THE COURT: I sustained the objection. I don't |
| 12 | believe that he made that argument. |
| 13 | MR. HUGHES: Well, in any event, there is no |
| 14 | constitutional right to tamper with a witness. There is no |
| 15 | constitutional right to encourage a witness to lie. There is |
| 16 | no constitutional right for a criminal defendant to obstruct |
| 17 | justice. |
| 18 | This court very appropriately observed last year |
| 19 | during the original sentencing hearing, Mr. Vickers deserves |
| 20 | more than 60 months. I agree with the Court and I would |
| 21 | respectfully ask the Court to consider the statutory maximum |
| 22 | 60-month sentence. |
| 23 | Thank you. |
| 24 | THE COURT: All right. Thank you. |
| 25 | Well, Mr. Vickers, obviously you led a very |

1  destructive life that was very much a danger to the community
2  as evidenced by your involvement with the drug conspiracy for
3  which you were convicted in this case and as reflected by your
4  criminal record and certainly the conviction for the murder of
5  Mr. Ewing in Jackson County Circuit Court, which was
6  drug-related, and I consider only the evidence that was
7  presented at your sentencing hearing in support of that
8  together with the conviction that has now been imposed.
9           I believe that considering all of the sentencing
10 factors set forth under 18 U.S.C., Section 3553, including the
11 nature and circumstances of your offense, your history and
12 characteristics, and as significant of consideration as any,
13 the need to protect the public from future crimes by you, as
14 well as the need for the sentence to reflect the seriousness of
15 your offense, promote respect for the law, provide just
16 punishment, afford adequate deterrence to criminal conduct, and
17 provide you with an opportunity for correctional treatment,
18 that I believe a sentence of 60 months, the maximum, is a
19 reasonable and appropriate sentence, and I'm going to order
20 that you be confined in the custody of the Bureau of Prisons
21 for that period of time.
22          Upon your release, I'm going to order you be placed
23 on supervised release for a period of three years.
24          I find that you do not have the ability to pay a
25 fine. I waive the imposition of any fine. But you are ordered

1  to pay the United States a special assessment in the amount of
2  $100, which is due immediately.
3     When you are placed on supervised release, I'm going
4  to order that you comply with all the mandatory and standard
5  conditions that have been adopted by this court for
6  supervision, as well as the special conditions that were
7  ordered by the Court in your prior sentencing hearing on May
8  the 28th of 2015.
9     I'm also going to order that this sentence be served
10 consecutively to any sentence imposed in the Jackson County
11 murder conviction, Case No. 1116-CR03744-03.
12    And, Mr. Vickers, as I'm sure you're aware from
13 previous experiences, if you do not recall, you need to know
14 that you have only 14 days from today to file a notice of your
15 intent to appeal this sentence against you.  If you do not file
16 a notice of your intent to appeal within 14 days of today, your
17 right to appeal will be waived and forfeited by you.
18    And my clerk, who is seated just over here to my
19 left, in front of you and Mr. Langston, has a form that she
20 will give you that you can use to file that notice of intent to
21 appeal if it's something that you wish to pursue.
22    Mr. Langston, do you have anything further?
23    MR. LANGSTON:  Judge, at this point I have an oral
24 motion to be allowed to be relieved as counsel.  I've been on
25 this case for three years.  It's been a difficult case.  It's

1   been arduous.  It has impeded my ability to conduct my practice
2   in other areas.  I'm going to ask to allow to withdraw.
3            THE COURT:  All right.  I'm going to grant your
4   request.  I would ask, though, or direct that you review with
5   Mr. Vickers his right to appeal; and if Mr. Vickers wishes to
6   file a notice of his intent to appeal, I would direct that you
7   see to it that he is able to do that; and once that is done,
8   your withdrawal is granted.
9            MR. LANGSTON:  Thank you, Judge.
10           THE COURT:  All right.
11           Mr. Hughes, do you have anything further?
12           MR. HUGHES:  No, Your Honor.
13           THE COURT:  All right.  Thank you all.
14           (Adjournment)

CERTIFICATE OF OFFICIAL REPORTER

I, Katherine A. Calvert, Federal Official Court Reporter, in and for the United States District Court for the Western District of Missouri, do hereby certify that the foregoing is a true and correct transcript of the stenographically reported proceedings in UNITED STATES OF AMERICA, Plaintiff, vs. VICTOR VICKERS, Defendant, No. 12-00291-19-CR-W-GAF.

Dated this 24th day of October, 2016.

_____
KATHERINE A. CALVERT, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER